IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Charles Lonewolf*
Case No. 3:17-cr-00066-SLG-KFR

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court on the United States of America's (the "Government") Motion to Revoke Order of Release of Defendant under 18 U.S.C. § 3145 ("Motion").[1] The Defendant opposes the Motion and the matter was set for hearing on September 18, 2023.[2]

This Court reviews a magistrate judge's pretrial release order under 18 U.S.C. § 3145(c) *de novo*.[3]

Federal Rule of Criminal Procedure ("Rule") 32.1(a)(6) establishes that before a magistrate judge, the defendant has the burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community. But before this Court "the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk"[4] "or by clear and convincing evidence[] that the defendant poses a danger to the community."[5]

A defendant shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.[6] In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court considers: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a minor victim; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics (including his character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.[7] And under 18 U.S.C. § 3142(e)(2) when a defendant is charged with a felony involving possession of a firearm while on release for an offense involving a minor victim or a failure to register as a sex offender within five years of the date of conviction or release, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

---

[1] Dkt. 16 (Motion to Revoke).
[2] Dkt. 20 (Response); Dkt. 19 (Text Order Set Hearing).
[3] *United States v. Koenig*, 912 F. 2d 1190, 1191–93 (9th Cir. 1990).
[4] *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019)
[5] *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *United States v. Motamedi,* 767 F.2d 1403, 1406 (9th Cir.1985).
[6] 18 U.S.C. § 3142(e).
[7] 18 U.S.C. § 3142(g); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Considering the following factors, the Court determines that Mr. Lonewolf is both a danger to the community and a flight risk, neither of which may be fully mitigated by conditions of the proposed release plan.

### (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a minor victim

Mr. Lonewolf is accused of serious crimes, including fourth-degree assault against a woman living in his home.[8] The victim's narrative—as corroborated in detail by the investigation—alleges that Mr. Lonewolf not only possessed a gun illegally, but also pointed a loaded gun at a woman living in his house.[9] Subsequently it is alleged Mr. Lonewolf lied about the gun's existence and then attempted to hide it from law enforcement when they entered the residence.[10] This incident demonstrates that Mr. Lonewolf presents a serious risk of danger. And it is worth noting that this incident happened in the very residence where Lonewolf seeks to reside upon release.

The Court is concerned that Mr. Lonewolf's dangerous conduct is not a risk that can be mitigated sufficiently by GPS monitoring. These circumstances indicate that a release plan including GPS monitoring would not offer reasonable assurance that Mr. Lonewolf will not continue to engage in this type of dangerous conduct wherever he resides upon release. This factor favors detention.

### (2) The weight of the evidence against the defendant

The weight of the evidence against Mr. Lonewolf is strong.[11] Trooper Klingen's investigation and report corroborates the victim's detailed account of the incident.[12] The report indicates that a discarded shell casing that matched the handgun was found under the laundry machine.[13] This is consistent with the victim's narrative that Mr. Lonewolf "racked" the slide of the handgun, ammunition was ejected, and the round rolled under the nearby laundry machine.[14] The report also indicates that law enforcement found the gun itself hidden in a wood stove, racked and loaded with a round in the chamber that matched the round found under the laundry machine.[15] Mr. Lonewolf had denied that he owned any firearms and that there would be any in the house.[16] This factor favors detention.

---

[8] Dkt. 14 (Exhibit) at 1–4.

[9] Dkt. 12 (Transcript) at 7, 10, 31.

[10] *Id.* at 10.

[11] The weight of the evidence against a defendant is the "least important of the various factors." *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008). Nonetheless, the evidence here still contributes to the Court's conclusion, particularly given that the alleged victim's testimony was corroborated and verified in detail during the law enforcement investigation.

[12] Dkt. 14 at 2–3.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

### (3) The defendant's history and characteristics

Mr. Lonewolf has repeatedly failed to register as a sex offender.[17] In 2001 while living in Oregon, he pleaded guilty to one count of Sodomy in the First Degree and one count of Sexual Abuse in the First Degree involving a ten-year-old minor victim.[18] He changed his name from Richard Charles Lacy to Charles Lonewolf and moved to Washington State.[19] Yet he failed to register as a sex offender or update his status with Oregon as required.[20] And after moving to Alaska, he again failed to register, though he worked with Probation to remedy his registration status.[21]

Mr. Lonewolf also has a history of violating his conditions of supervision. While on supervision in Oregon, Mr. Lonewolf returned to jail several times for probation violations and new offenses.[22] These offenses included firearm possession, while under investigation for attempting to sell a firearm and a quantity of heroin, and methamphetamine possession.[23] This factor favors detention.

### (4) The nature and seriousness of the danger to any person or the community that would be posed by his release

Mr. Lonewolf presents a serious danger to the community if released. He has already posed a serious risk of danger to the woman living in his home. And his multiple failures to register as a sex offender in multiple states, under multiple names, shows a serious risk of danger to the community.

Further, Mr. Lonewolf has not demonstrated yet to the Court that he has stable, permanent housing, nor has he shown that he has a plan in place to achieve it.[24] The parties agree that Mr. Lonewolf's proposed residence upon release will no longer be available for rent after September 30, 2023.[25] Mr. Lonewolf has not demonstrated that he has established alternative stable housing after that date.[26] Any release plan to that residence thus would only be effective through September 30, 2023.[27] This heightens the Court's concern that Mr. Lonewolf presents a flight risk.

GPS monitoring somewhat addresses the Court's concern about Mr. Lonewolf's potential flight risk, though it is insufficient to address the Court's concerns about his danger to the public. But given that the parties have indicated to the Court that Mr. Lonewolf has no place to go after September 30, 2023, the Court concludes that GPS monitoring alone is insufficient to ameliorate

---

[17] Dkt. 12 at 32.
[18] *United States v. Lonewolf*, 3:15-cr-05387, Presentence Investigation Report, Dkt. 20 at 5 (W.D. Wash. filed Dec. 12, 2015). The Government provided a copy of this document to the Court and Defendant at the hearing on the Motion to Revoke Order of Release on September 18, 2023. The Government is reminded to file this document under seal on the docket at its earliest convenience.
[19] Dkt. 1–3 (Transfer of Jurisdiction) at 5–6.
[20] Dkt. 1–2 at 1; 1–3 at 1–9.
[21] Dkt. 12 at 32.
[22] *United States v. Lonewolf*, 3:15-cr-05387, Dkt. 20 at 5–6 (W.D. Wash. filed Dec. 12, 2015).
[23] *Id.*
[24] Dkt. 12 at 3–4, 27.
[25] *Id.* at 3.
[26] *Id.* at 3–4.
[27] *Id.* at 3–4, 27.

the Court's concerns and ensure that Mr. Lonewolf will continue to appear. This factor favors detention.

Considering the above, this Court GRANTS the Government's Motion to Revoke Order of Release of Defendant under 18 U.S.C. § 3145 at Docket 16 and VACATES the Order Setting Conditions of Release at Docket 15. Mr. Lonewolf's motion for bail is DENIED without prejudice.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 20, 2023.